Jonathan Marc Davidoff, Esq.
Admitted in Florida and New York
Glen A. Kendall, Esq.
Admitted in Connecticut and New York

Aaron R. Resnick, Esq.
Admitted in Florida, of Counsel
Derek A. Schwartz, Esq.
Admitted in Florida, of Counsel



November 8, 2017

**via Fax and ECF**
Honorable Colleen McMahon
District Court for Southern District of New York

    Re: *United States v. Craig Carton, et. al.,* 17-cr-00680-CM
        Government's Request for a Protective Order

Dear Judge McMahon:

This Firm represents Defendant Michael Wright in the instant case. On Monday November 6, 2017, the Government emailed the Defendants a proposed Protective Order that would designate any and all discovery produced by the Government in this case confidential, preventing the use of such materials in any other matter other than the instant case, which would significantly hinder and prejudice the Defendants in this case. After conferring with the Government, it is clear that the Government desires to handcuff the Defendants in the instant action and litigate this case in secrecy, after the Government already publicized this case and defamed the Defendants in the media[1]. The Government advised counsel that it intended to present the proposed protective order to Your Honor for entry, and therefore Mr. Wright respectfully requests that such request is denied, or the Defendants be provided the opportunity to brief the matter for Your Honor's consideration before any decision is made on the Government's request for entry of its proposed protective order.

At the outset, Mr. Wright acknowledges that certain materials should be deemed confidential and the parties subject to the Rules regarding how such sensitive and confidential materials are handled. However, the types of information that should be deemed confidential should be limited to items that can be redacted (i.e. social security numbers, account numbers, etc.), and the parties are able to obtain unredacted materials understanding that if such are used they must be redacted. The names of parties, witnesses, companies and documents evidencing procedures for selling tickets, emails, etc. should not be confidential, and the Defendants should not be restricted from freely using such information in any and all proper ways. A blanket protective order that broadly designates all discovery as confidential absolutely hinders the Defendants from adequately investigating and defending their cases and themselves, especially when less restrictive measures can be instilled.

---

[1] This point is now even more highlighted by the Government's letter submitted to the Court on November 7, 2017, which it asked to be filed under seal even though no confidential or sensitive information is contained in such letter, seeking the disqualification of Mr. Wright's counsel.

**Davidoff Law Firm, P.L.L.C.**

228 East 45th Street
Suite 1700
New York, NY 10017
Tel: 212-587-5971
Fax: 212-658-9852



www.DavidoffLawFirm.com

100 North Biscayne Blvd.
Suite 1607
Miami, FL 33132
Tel: 305-673-5933
Fax: 305-718-0647

The Government provided four grounds for its desire that a blanket protective order be entered: (1) the order would provide the Government with easier and quicker delivery of discovery materials, (2) to keep confidential ongoing criminal investigations, (3) confidential information would be produced (i.e. social security numbers and account numbers), and (4) the alleged victims in the case should not be made public.

First, the Government can produce the discovery without the need of redacting with the parties and their counsel agreeing or being bound by a less restrictive order that requires that certain information be kept confidential and redacted when used.  Second, the Government could not articulate how the lack of confidentiality of such information could harm its pending criminal investigations or how less invasive measures could not be implemented to protect confidential information. The Government's entire basis for the "blanket" protective order fails for the reasons briefly stated herein, and which Mr. Wright desires to fully brief this matter for the Court or proposes his own protective order for consideration before Your Honor enters any form of a protective order in this case.

It is astonishing that the Government seeks this blanket protective order designating all the discovery it produces as confidential after it issued a press release and smeared the Defendants' names and reputations in the media. (https://www.justice.gov/usao-sdny/pr/manhattan-us-attorney-and-fbi-assistant-director-announce-securities-and-wire-fraud-0). Furthermore, working hand in hand with the Government is the Security and Exchange Commission ("SEC"), which filed an action on the same grounds as asserted in the Indictment against Mr. Carton and issued its own press release on the same day as the Government (https://www.sec.gov/news/press-release/2017-157).  The SEC's attorneys and investigators share information with the Government, and vice versa.  Clearly the Government is using the discovery in matters outside the scope of the instant action (the SEC action), why can the Defendants not do the same (i.e. why can Mr. Carton not use the discovery for his defense of the SEC action, if the proper protection of certain sensitive and private information is provided for?).

Pursuant to the Federal Rules of Criminal Procedure Rule 16(d), the Government, as the party requesting issuance of the protective order, must show good cause.  Good cause exists when the requesting party shows that disclosure will result in a clearly defined, specific and serious injury. *U.S. v. Smith*, 985 F.Supp.2d 506, 523 (S.D.N.Y. 2013).  The finding of harm "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Id.* (internal citations omitted.)  Moreover, while blanket protective orders may be used in cases involving thousands of documents, such orders are disfavored. *Id.* at 545 citing to *U.S. v. Carriles*, 654 F.Supp.2d 557, 565 (W.D. Tex. 2009).  Thus, Courts should ensure that protections issued to discovery information are not broader than necessary to accomplish the stated goals of the protective order. *Smith*, 985 F.Supp.2d at 524.

The Government contends that keeping the identity of the alleged victims in this case confidential is necessary.  However, the allegations against the Defendants relate to a hedge fund and a sports and entertainment conglomerate in the New York City area.  Even if (*in arguendo*) the Government is correct and includes the victims from the *U.S. v. Meli* case (which is wholly

improper as the Indictment does not involve these alleged victims), Mr. Wright contends that these victims do not constitute the type of victims that are entitled to remain confidential. Confidential victims are those who need protection from embarrassment, from acts of violence and sexual assault, not from fraud from a ticket scam. Furthermore, the cooperating witnesses in this case are all known and have been known by all the parties for some time, there is not threat or harm to these witnesses, which is a concern that some courts consider when deciding on whether confidentiality is proper.

Regarding confidential information in the context of the content in documents, the least restrictive measures should be ordered by the court per *United States v. Smith (cited above)*. For example, account numbers, social security numbers and other highly sensitive identifying information should be required to be redacted when used by the parties. A blanket protective order that designates the entire set of all the documents produced by the Government as being confidential is overly broad and more excessive than necessary to accomplish the goal of protecting only the confidential materials. Mr. Wright concedes that certain financial documents could be covered under a protective order, however the substance (not the confidential information) of such documents should not be deemed confidential (i.e. as to a bank statement, the account number would be confidential, but the amounts, the parties to a wire transfer, etc. should not be). There is no reason why emails that have no identifying numbers (i.e. social security numbers) in the body of such communications should be deemed confidential.

The claim by the Government that producing the discovery would be easier and quicker with a protective order is absurd. The Government has unlimited resources, and has had more than ample time to put this case together. The Government decided to bring the charges against the Defendants now, and thus should have been prepared to deliver the discovery that it is obligated to produce under the law. To now claim that a protective order is necessary to enable the Government to produce the discovery in a timelier manner is utterly laughable and disingenuous, especially if the Government contends that the discovery includes materials from the *United States v. Joseph Meli* matter, which it certainly has already produced to the defendants in that case. However, to resolve such argument even more so, Mr. Wright is agreeable to not release any documents without ensuring that such document has been redacted to not expose the sensitive confidential information (i.e. account numbers, social security numbers, etc.), which is less restrictive and accomplishes the same goal.

This case is not one that necessitates a blanket protective order deeming as confidential all discovery produced by the Government. In fact, such a abroad protective order would be improper. This is not a health care fraud case, nor is it a case of national security. This case does not deal with victims of domestic violence or other highly sensitive information. Rather, this case is about the Government's allegation that the Defendants defrauded a hedge fund and allegedly manipulated a billion dollar sports and entertainment enterprise for the purpose of paying their personal debts (gambling debts). The Government is far off base with its allegations, and has ignored the evidence that it was presented, and now wants its misstated facts to remain undisturbed by the evidence. Such should not be permitted by this Court as there are no valid grounds for such an overly broad protective order.

The Government only seeks such a broad protective order because it knows that Mr. Wright has been aggressive in his approach to establish his innocence. Mr. Wright has not issued press releases, but he is working with other parties to establish his innocence since the Government refused to accept the overwhelming evidence Mr. Wright provided (including documents and communications), which was supported by his passage of a polygraph examination. The Government seeks to prohibit Mr. Wright from working with others, who may be able to testify and provide additional evidence to support his defense. The overly broad protective order severely hinders the Defendants, if not puts a kibosh on their possible defense plan. And, while prohibiting the Defendants from sharing such materials, the Government has already done so with the SEC and whomever else it is working with.

In conclusion, the Government wants its cake and eat it too. Unfortunately, the Government publicized this case upon the Defendants arrest to ensure that the courtroom was filled with media members at the Defendants' first appearance. The Government chose to make this case a media circus and to share discovery materials with other parties, and now wants to handcuff and suppress the Defendants' ability to defend themselves. This Court should not permit the Government to have its way and should not enter an overly broad blanket protective order. Rather, this Court should permit the Defendants to fully brief the issues and to present the Court with their own rendition of a proper protective order that accomplishes the goal of protecting sensitive information but not harming the Defendants' ability to defend themselves.

Mr. Wright thanks the Court for its attention to this matter and appreciates the opportunity to be heard if the Government does present the overly broad blanket protective order that it previously presented to the Defendants.

Respectfully submitted,
/JMD/
Jonathan Marc Davidoff, Esq.

cc: All parties of record via ECF